**Gregory A. DENSTON, Appellant**

v.

**William L. CHAPMAN; Patricia Tate Stewart; Julie Lorraine Faulconer; Lorren Riley Faulconer; Jos. Scott Shannon; Quinnin Watson; Does 1–3; Vincent Poppiti.**

No. 06–1579.

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) Sept. 21, 2006.

Filed: Oct. 10, 2006.

Gregory A. Denston, Smyrna, DE, pro se.

Eileen K. Kelly, Department of Justice, Wilmington, DE, for Appellees.

Before: BARRY, SMITH and NYGAARD, Circuit Judges.

OPINION

PER CURIAM.

Gregory Denston appeals the District Court's order dismissing his complaint as frivolous. The procedural history of this case and the details of Denston's claims are set forth in the District Court's thorough memorandum and need not be discussed at length. Denston is a Delaware inmate serving a thirty-year sentence for attempted murder for beating his wife in the head with a baseball bat in 1997 and a ten-year sentence for subsequently soliciting someone to murder her. *See State v.*

*Denston,* 2003 WL 22293651, *1–2 (Del.Super.2003). After the 1997 assault, Denston's son was placed in the custody of the Faulconers. In May 2003, Denston's parental rights were terminated by the New Castle County Family Court.

In July 2005, Denston filed a complaint pursuant to 42 U.S.C. § 1983 against the state court judges, the special master, the Faulconers, their attorney, a detective, and three police officers. He alleged that his parental rights and rights to due process were violated by the state court proceedings which terminated his parental rights. The District Court dismissed the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B). Denston filed a timely notice of appeal and has also filed a motion for the appointment of counsel.

Because Denston is proceeding *in forma pauperis* on this appeal, we must analyze his appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), we must dismiss an appeal if the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity. An action or appeal can be frivolous for either legal or factual reasons. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). When reviewing a complaint for failure to state a claim, the Court must accept the allegations in the complaint as true. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

The District Court was correct that the judges and the special master were entitled to immunity, see *Mireles v. Waco,* 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Hughes v. Long,* 242 F.3d 121, 127 (3d Cir.2001), that the Faulconers and their attorney were not state actors, and that Denston lacked standing to bring claims against Detective Watson and the three police officers.[1]

For essentially the reasons set forth by the District Court, we will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B). Denston's motion for the appointment of counsel is denied.

---

**1.** Moreover, the *Rooker–Feldman* doctrine deprives a federal district court of jurisdiction to review, directly or indirectly, a state court adjudication. *See D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The Supreme Court has explained that this doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the District Court proceedings commenced and inviting District Court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Thus, to the extent that the relief Denston requests would require rejection of the state courts' judgments, the District Court would lack jurisdiction over those claims.